UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE D. FORD, JR.,

                    Petitioner,

                                              Case No. 26-cv-567-pp

        v.

PAULA STROUDT,

                    Respondent.

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE, DENYING PETITION FOR WRIT OF _HABEAS CORPUS_, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

The petitioner, who currently is incarcerated at the Wisconsin Secure Program Facility and is representing himself, filed a petition for writ of _habeas corpus_ under 28 U.S.C. § 2254, challenging his February 19, 2016 judgment of conviction in Milwaukee County Circuit Court. Dkt. No. 1. The petitioner also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order grants the motion for leave to proceed without prepaying the filing fee, screens the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and denies the petition because the petitioner's claim is not cognizable on federal _habeas_ review.

**I.      Petitioner's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

In his motion seeking leave to proceed without prepaying the $5 filing fee, the petitioner avers that he has no money in a bank or retirement account,

1

and no investments, real estate or other valuable assets. Dkt. No. 2. The petitioner separately filed a trust account statement from the Wisconsin Department of Corrections covering the period from October 6, 2025 through April 1, 2026. Dkt. No. 4. The statement reveals a starting balance of $.03 and an ending balance of $15.14. The average monthly balance is $10.50. Id.

The court is satisfied that the petitioner does not have the money to prepay the filing fee and will grant his request to allow him to proceed without prepaying it. The petitioner must pay the $5 filing fee over time, as he is able.

## II. Legal Standard

Rule 4 of the Rules Governing § 2254 states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme

Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed the petition within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, petitioners incarcerated under a state court judgment must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). Even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by procedural laws. See Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

## III. Procedural History

The petitioner challenges his 2016 judgment of conviction in Milwaukee County Case No. 2015CF003499 for delivering heroin in an amount greater than fifty grams, as a party to a crime, as a second or subsequent offense and as a repeater in. Dkt. No. 1 at 2; State v. Ford, Case No. 2022AP1517, 2025 WL 1091648, *1 (Wis. Ct. App. Apr. 8, 2025). On April 8, 2016, the circuit court judge sentenced the petitioner to twenty-five years' initial confinement followed by fifteen years of extended supervision. Id.

3

The petitioner waived postconviction representation and, representing himself, filed a postconviction motion, arguing that the circuit court had demonstrated bias against him during sentencing by commenting on his role in a homicide for which he was acquitted and that his counsel was ineffective for failing to object to those comments at sentencing; the circuit court denied the motion. State v. Ford, 386 Wis. 2d 630 (Table), 2019 WL 1119410, *3 (Wis. Ct. App. Mar. 12, 2019). The petitioner appealed that decision, but then dismissed the appeal and filed a supplemental postconviction motion in the circuit court, asserting that he had newly discovered evidence: an affidavit from his mother stating that he was not living at her home at the time of the execution of the search warrant—that someone named Antonio Ewing was—and an affidavit from the petitioner's sister saying that any drugs found at the home belonged to Ewing. Id. The petitioner asserted that this evidence would contradict the testimony of the police detective who testified at his trial. The petitioner further argued that his counsel was ineffective in failing to call his mother and/or sister as witnesses at trial to impeach the detective's testimony. Id. The circuit court denied the supplemental motion, finding that it was "merely an attempt to retry the credibility of [the detective] which, in light of the totality of the evidence, would not have made a dent in the outcome of the case." Id. at *4. The circuit court also ruled that the petitioner's ineffective assistance of counsel claim did not state a sufficient basis for relief and did not require a hearing. Id.

4

The petitioner filed a second appeal, this time challenging the circuit court's denial of his supplemental postconviction motion. Id. Regarding the newly discovered evidence claim, the court of appeals found that the circuit court had applied the appropriate legal standard and did not erroneously exercise its discretion in rejecting the petitioner's claim. Id. The court of appeals also reviewed the denial of the petitioner's pretrial motion to suppress (in which he argued that the strip search conducted by police actually was an illegal body cavity search). Id. at *5. The circuit court found no statutory violation and concluded that the petitioner had not raised any constitutional arguments; the court of appeals determined that those findings were supported by the record and not erroneous. Id. The court of appeals rejected the petitioner's argument that the sentencing court had showed bias, finding that the circuit court had explained to the petitioner at sentencing that the court could consider "not only 'uncharged and unproven offenses,' but also 'facts related to offenses for which the defendant had been acquitted' when imposing sentence" and determined that the petitioner had not rebutted the presumption of impartiality of the circuit court. Id. at *6 (quoting State v. Sulla, 369 Wis. 2d 225, 251 (Wis. 2016)).

Finally, the court of appeals addressed the petitioner's ineffective assistance of counsel claim. Based on its review of the record, the court agreed that the affidavits from the petitioner's mother and sister would not have changed the outcome of the case, so the petitioner was not prejudiced by his counsel's failure to call them as witnesses at trial. Id. The court determined

that the petitioner's counsel was not ineffective for failing to make a meritless argument regarding the circuit court's comments at sentencing. Id. at *7.

The Wisconsin Supreme Court denied the petitioner's petition for review on August 14, 2019, State v. Ford, 388 Wis. 2d 658 (Wis. 2019), and the petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, dkt. no. 1 at 4, so his conviction became final ninety days after the Wisconsin Supreme Court's ruling.

Five years after his 2016 sentencing, the petitioner filed a Wis. Stat. §974.06 motion, arguing that there was insufficient evidence at trial to support his conviction. Ford, 2025 WL 1091648, *1. He said that the state had amended the information (the charging document) from charging him with conspiracy to charging him with being a party to a crime; the petitioner argued that as a result of this amendment, the state needed to present evidence of a single, large transaction of more than fifty grams. Id. The circuit court denied the motion, finding that the petitioner had not demonstrated a sufficient reason—or any reason—for failing to raise the claim in a prior postconviction motion or on direct appeal. Id. at *2. The circuit court also rejected the claim on the merits because, under Wis. Stat. §971.365, the state could prosecute multiple drug transactions as a single transaction. Id. The court found that on appeal, the petitioner had "reshape[d]" his argument from an insufficiency-of-the-evidence claim to a lack-of-subject-matter-jurisdiction claim. Id.

The Wisconsin Court of Appeals began by explaining that arguments raised for the first time on appeal are "generally deemed forfeited." Id. The court

then found the petitioner's claim to be procedurally barred. Id. The court pointed out that although the petitioner had alleged ineffective assistance of postconviction counsel as his reason for failing to previously raise his claim, the petitioner had "misconstrue[d] the sufficient reason standard" which requires that the party making the allegation demonstrate that the claim he wished to bring was "clearly stronger than the claims that postconviction counsel actually brought." Id. Because the petitioner had waived the right to postconviction counsel and represented himself in his postconviction motion and on appeal, the court of appeals found that he could not satisfy the "clearly stronger" standard "when [he] himself presented the previous claims in his direct appeal." Id., *2-3. The court of appeals determined that the petitioner's claims were barred under State v. Escalona-Naranjo, 185 Wis. 2d 168 (Wis. 1994). Id., *3. The petitioner also argued that the interests of justice entitled him to a new trial; the court of appeals found nothing in the record that would support a discretionary reversal and denied the petitioner's request. Id. The Wisconsin Supreme Court denied his petition for review. Ford, Case No. 2022AP001517, 2026 WL 821118 (Wis. Feb. 12, 2026).

## IV.    The Petition

The petitioner argues that the circuit court lacked subject matter jurisdiction because the criminal complaint had a defect. Dkt. No. 1 at 6. He alleges that the prosecutor changed the theory of prosecution at the final pretrial hearing to amend the information to charge him with being a party to a crime under Wis. Stat. §939.05, abandoning the conspiracy enhancer under

7

Wis. Stat. §961.41. Id. The petitioner believes that this change barred the state from proving that he was liable for conveying more than fifty grams of heroin by aggregating multiple smaller deliveries and he asserts that the change required the state to prove a single transaction of more than fifty grams, of which there was no evidence. Id. He concedes that he did not exhaust this claim in the circuit court but argues that he *did* exhaust it in the court of appeals because challenges to subject matter jurisdiction always can be raised "as matter of right for the first time on appeal or review by higher court." Id.

## V.     Analysis

There are several reasons this federal court cannot grant the petitioner *habeas* relief. His petition is untimely because it was filed more than a year after his conviction became final. The Wisconsin Supreme Court denied his petition for review on August 14, 2019 and because he did not seek review by the United States Supreme Court, his conviction became final ninety days later, on November 12, 2019. See Anderson v. Litscher, 281 F.3d 672, 674–75 (7th Cir. 2002) (one-year limitation period does not begin to run under §2244(d)(1)(A) until expiration of ninety-day period in which prisoner could have filed petition for writ of certiorari with United State Supreme Court). The petition also is procedurally barred because the Wisconsin Court of Appeals clearly relied on independent and adequate state law grounds when it found the petitioner's claims barred under Escalona-Naranjo.

Although both of these procedural issues are affirmative defenses that can be waived, see Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004), there

8

is another defect with the petition—it does not state a claim that is recognizable by a federal court on *habeas* review. The petitioner's argument that the Wisconsin circuit court lacked subject-matter jurisdiction requires an interpretation of a state statute. <u>Spivery v. Jess</u>, Case No. 17-cv-1256-pp, 2020 WL 4048510, at *3 (E.D. Wis. July 20, 2020); <u>Kryscheski v. Kingston</u>, Case No. 06-cv-15-la, 2006 WL 2009082, at *2 (E.D. Wis. July 17, 2006); <u>Jenkins v. Smith</u>, Case No. 18-cv-6696, 2018 WL 10613269, at *1 (N.D. Ill Oct. 22, 2018) ("A claim that a state court lacked jurisdiction to adjudicate a criminal proceeding raises a question of state law that cannot be raised in a habeas corpus proceeding."). Because this federal court would need to interpret Wisconsin law to determine whether the circuit court acted with or without jurisdiction, this federal court cannot review the issue in a *habeas* petition. Federal *habeas* review is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)).

The court will deny the petition for a writ of *habeas corpus*.

## VI.    Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or decline to issue a certificate of appealability when it enters a final order adverse to the petitioner. A court may issue a certificate of appealability only if the petitioner makes a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or

for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because it finds that reasonable jurists could not debate that the claim is not cognizable on *habeas* review.

## VII. Conclusion

The court **GRANTS** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 2

The court **DENIES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254.

The court **DECLINES** to issue a certificate of appealability.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of April, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

10